**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dawan Chatman, #172972, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2017-002343

———————————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————————

Unpublished Opinion No. 2019-UP-340
Submitted September 1, 2019 – Filed October 9, 2019

———————————

**AFFIRMED**

———————————

Tommy Arthur Thomas, of Irmo, for Appellant.

Kensey Barrett, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———————————

**PER CURIAM:** Dawan Chatman, an inmate in the custody of the South Carolina Department of Corrections (SCDC), appeals an order issued by the Administrative Law Court (ALC) that upheld SCDC's denial of Chatman's grievance regarding the calculation of his sentence. We affirm.

Following his conviction by a jury on a murder charge, the circuit court sentenced Chatman to forty years' imprisonment. On appeal, Chatman argues the version of the applicable statutory provision in effect at the time of his crime and sentence provided for either a sentence of thirty years' incarceration or one of life imprisonment. We affirm the ALC's finding that Chatman's interpretation of the applicable statutory provision was incorrect.

Initially, Chatman did not show SCDC's calculation of his sentence was inconsistent with the sentencing sheet; therefore, it is questionable whether his appeal of SCDC's decision to the ALC was proper under the South Carolina Administrative Proceedings Act (APA). *See Al-Shabazz v. State*, 338 S.C. 354, 369, 527 S.E.2d 742, 750 (2000) (allowing an inmate to seek review of a final decision by SCDC in an administrative matter under the APA and noting "[t]hese administrative matters typically arise in two ways: (1) when an inmate is disciplined and punishment is imposed and (2) when an inmate believes prison officials have erroneously calculated his sentence, sentence-related credits, or custody status").

Further, at the time of Chatman's crime and sentence, the applicable statutory provision read in pertinent part as follows: "A person who is convicted of or pleads guilty to murder must be punished by death, by imprisonment for life, or by a *mandatory minimum* term of imprisonment for thirty years." S.C. Code Ann. § 16-3-20(A) (Supp. 1998) (emphasis added) (amended 2010). Nothing in this language prohibited the circuit court from sentencing Chatman to a term of imprisonment exceeding thirty years.[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] Chatman's argument that SCDC should be equitably estopped from imposing an additional ten years of imprisonment on him is not preserved for review because he failed to raise it in the grievances he submitted to SCDC that led to this appeal. *See Young v. S.C. Dep't of Health & Envtl. Control*, 383 S.C. 452, 458, 680 S.E.2d 784, 787 (Ct. App. 2009) ("A court has a limited scope of review of the final decisions of administrative agencies and cannot ordinarily consider issues that were not raised to and ruled on by the agency from which an appeal is taken.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.